UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLSON KUNDIG, INC., | CASE NO. C22-0825JLR |
| Plaintiff, | ORDER |
| v. | |
| 12TH AVENUE IRON, INC., | |
| Defendant. | |

Before the court is the parties' joint statement regarding their positions as to (1) the bond amount; and (2) the terms of the preliminary injunction. (Statement (Dkt. # 29).) The parties submitted their statement in response to the court's September 12, 2022 order granting Plaintiff Olson Kundig, Inc.'s ("Olson Kundig") motion for a preliminary injunction. (9/12/22 Order (Dkt. # 26) at 41-42 (concluding that "a preliminary injunction is warranted" but requesting a joint statement from the parties as to the bond amount and the injunction's terms).) Upon consideration of the parties'

//

ORDER - 1

submissions, and in light of the court's September 12, 2022 order granting Olson Kundig's motion for a preliminary injunction, the court hereby ORDERS that:

1. Defendant 12th Avenue Iron, Inc. ("12th Avenue Iron") is directed and authorized to accomplish the following:

   a. Immediately remove the Tom Kundig Collection line and any and all mention of Tom Kundig or association with Olson Kundig from 12th Avenue Iron's website;

   b. Immediately remove the Tom Kundig Collection line and any and all mention of Tom Kundig or association with Olson Kundig from 12th Avenue Iron's current and future advertising materials;

   c. Immediately cease any and all activities related to the manufacture or advertisement of Tom Kundig Collection line products with the exception of the manufacture of the 20 orders for Tom Kundig Collection products that "are almost completed" (Statement at 3);

   d. Immediately cease accepting any and all orders of the Tom Kundig Collection line products;

   e. Refer any and all inquiries concerning new sales of the Tom Kundig Collection line to Olson Kundig; and

   f. Return all shop drawings, designs/drawings, and any and all documents provided by, or created by, Olson Kundig.

2. Olson Kundig shall post a bond in the amount of $30,000.00 within fourteen (14) days of the date of this order. The court finds that this amount is adequate

to cover "the costs and damages sustained by any party found to have been wrongfully enjoined or restrained," Fed. R. Civ. P. 65(c), because (1) 12th Avenue Iron is free to make and sell non-Tom Kundig Collection products; (2) even if 12th Avenue Iron were to prevail on its partnership theory, Olson Kundig could still end the partnership and thus the sales of Tom Kundig Collection Products; (3) 12th Avenue Iron has not submitted evidence establishing its lost profits (*see* Statement; Marks Decl. (Dkt. # 15) ¶¶ 45-48 (discussing lost revenue but not lost profits)); and (4) notwithstanding the issuance of an injunction, 12th Avenue Iron's ability to complete orders for Tom Kundig Collection products has already decreased in light of the fact that "[m]any of 12th Ave[nue] Iron's employees have quit and 12th Ave[nue] Iron does not have the skilled workers and manpower" to actually make products (Statement at 3).  *See Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (recognizing "that Rule 65(c) invests the district court 'with discretion as to the amount of security required, if any'" (quoting *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999)) (emphasis omitted)).

Dated this 23rd day of September, 2022.

JAMES L. ROBART
United States District Judge

ORDER - 3