UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLSON KUNDIG, INC., <br><br> Plaintiff, <br><br> v. <br><br> 12TH AVENUE IRON, INC., <br><br> Defendant. | CASE NO. C22-0825JLR <br><br> ORDER |

## I.   INTRODUCTION

Before the court is Defendant 12th Avenue Iron, Inc.'s ("12th Avenue Iron") motion to disqualify Foster Garvey PC ("Foster Garvey") and its attorneys as counsel for Plaintiff Olson Kundig, Inc. ("Olson Kundig").  (Mot. (Dkt. # 27); Reply (Dkt. # 35).[1])  Olson Kundig opposes the motion.  (Resp. (Dkt. # 32).)  The court has considered the

//

---

[1] When citing to the parties' pleadings, the court uses the pleadings' internal pagination unless otherwise stated.

parties' submissions, the balance of the record, and the applicable law.  Being fully advised,[2] the court DENIES 12th Avenue Iron's motion to disqualify.

## II.   BACKGROUND[3]

This dispute stems from the parties' business dealings with respect to the "Tom Kundig Collection"—a hardware and home furnishings line designed by Olson Kundig and manufactured and sold by 12th Avenue Iron.  (*See generally* Compl. (Dkt. # 1) ¶¶ 1, 18-28, 39-43, 46-51; *see also* 1st Am. Answer (Dkt. # 34) ¶¶ C19, C21, C23[4] (alleging that 12th Avenue Iron also played a role in designing the products).)  The precise nature of the parties' relationship with respect to the Tom Kundig Collection as well as the existence, validity, and enforceability of any contract or agreement between them remain subject to dispute.  (*Compare* 1st Am. Answer ¶¶ C13, C18-22, C27 (alleging that the parties were partners with respect to the Tom Kundig Collection and jointly own all intellectual property associated with the Collection's products), *with* Compl. ¶¶ 18-26, 36-39 (alleging that the parties are bound by an unsigned Agreement that they performed in accordance with for many years and, pursuant to the Agreement, Olson Kundig owns the intellectual property associated with the Tom Kundig Collection products).)

---

[2] Neither party has requested oral argument (*see* Mot. at 1; Resp. at 1), and the court has determined that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[3] The court set forth the factual and procedural background of this case in detail in its September 12, 2022 and September 28, 2022 orders (*see* 9/12/22 Order (Dkt. # 26); 9/28/22 Order (Dkt. # 31)) and does not repeat them here.

[4] Because 12th Avenue Iron separately numbers the paragraphs in the counterclaim section of its answer (*see* 1st Am. Answer at 13-23), the court uses "A" to refer to the paragraphs in the answer section and "C" to refer to the paragraphs in the counterclaim section.

On April 28, 2022, Olson Kundig's counsel, Benjamin Hodges,[5] notified 12th Avenue Iron that Olson Kundig intended to terminate the parties' business relationship with respect to the Tom Kundig Collection and demanded that 12th Avenue Iron cease its activities related to the manufacture, marketing, and sale of Tom Kundig Collection products.  (1st Am. Answer ¶ C35; Compl. ¶¶ 42-47 (alleging that 12th Avenue Iron materially breached the Agreement); *see also* Letter.)  After receiving Olson Kundig's letter, 12th Avenue Iron's current counsel, Hamilton Gardiner, "informed Mr. Hodges of [a] conflict of interest due to Foster Garvey's prior representation of 12th Ave[nue] Iron in certain business dealings."  (9/22/22 Marks Decl. (Dkt. # 28) ¶ 20, Ex. H ("May 6, 2022 Email Chain").)  Specifically, between 2016 and 2018 two attorneys at Foster Garvey's predecessor, Garvey Schubert Barer P.C. ("GSB"), performed 12.3 hours of work for 12th Avenue Iron and its founding partner, Stephen Marks.  (*See* 9/22/22 Marks Decl. ¶¶ 2, 7-18; Hodges Decl. ¶¶ 4-6, Ex. A ("GSB Invoices").)  The legal services provided by those two attorneys[6] were, according to Olson Kundig, "limited to transactional work involving the negotiation and drafting of discrete consignment and distribution agreements" related to the Tom Kundig Collection.  (*See generally* Hodges Decl. ¶ 6; GSB Invoices.)  As such, Mr. Hodges informed Mr. Gardiner that it would not

---

[5] Mr. Hodges is a partner at Foster Garvey.  (*See generally* Hodges Decl. (Dkt. # 33) ¶ 1; Dkt.; Parwani Decl. ¶ 25 (Dkt. # 7), Ex. 10 ("Letter").)

[6] The two GSB attorneys who worked on matters for 12th Avenue Iron, Rochelle Haller and Shannon Stokke, now work at Foster Garvey as a result of Foster Pepper PLLC's ("Foster Pepper") merger with GSB in 2019.  (*See generally* Hodges Decl. ¶¶ 1, 5.)  Mr. Hodges states that "Attorneys Haller and Stokke have had no involvement whatsoever in Foster Garvey's representation of Olson Kundig in connection with this litigation and the dispute between Olson Kundig and 12th Avenue Iron."  (Hodges Decl. ¶ 7.)

be a conflict of interest for Foster Garvey to represent Olson Kundig in this matter. (Hodges Decl. ¶ 11.)  Mr. Hodges states that Mr. Gardiner did not raise the conflict issue again.  (*Id.*; *see also id.* ¶¶ 12-13.)

Olson Kundig commenced this action against 12th Avenue Iron on June 13, 2022. (*See generally* Compl.)  Olson Kundig brings claims against 12th Avenue Iron for breach of contract; infringement of the D352, D197, D933 and D422 Design Patents under 35 U.S.C. § 271; infringement of the OLSON KUNDIG trademark under 15 U.S.C. § 1114; infringement of the TOM KUNDIG COLLECTION trademark under Washington common law; violation of the Washington Personality Rights Act ("WPRA"), RCW 63.60.010, *et seq.*; and violation of the Washington Consumer Protection Act ("WCPA"), RCW 19.86.010, *et seq.*  (*See id.* at 10-20.)  12th Avenue Iron brings counterclaims against Olson Kundig for breach of contract; unjust enrichment; violation of the WCPA; and violation of the Washington Uniform Trade Secrets Act ("WUTSA"), RCW 19.108.010, *et seq.*  (*See generally* 1st Am. Answer at 18-27.)  After commencing this action, Olson Kundig filed a motion for a preliminary injunction and a motion to dismiss several of 12th Avenue Iron's counterclaims.  (*See* PI Mot. (Dkt. # 6); MTD (Dkt. # 19).) The court granted Olson Kundig's motion for a preliminary injunction (*see* 9/12/22 Order (Dkt. # 26)) and granted in part Olson Kundig's motion to dismiss, dismissing 12th Avenue Iron's WCPA and WUTSA counterclaims (*see* 9/28/22 Order (Dkt. # 31)).

On September 22, 2022, 12th Avenue Iron filed the instant motion to disqualify Foster Garvey and its attorneys from representing Olson Kundig in this action.  (*See generally* Mot.)

ORDER - 4

## III. ANALYSIS

The court sets forth the relevant legal standard before analyzing 12th Avenue Iron's motion to disqualify.

### A. Legal Standard

This court retains responsibility for controlling the conduct of lawyers practicing before it. *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980). In deciding whether to disqualify counsel, the court looks to the local rules regulating the conduct of the members of its bar. *Avocent Redmond Corp. v. Rose Electronics*, 491 F. Supp. 2d 1000, 1003 (W.D. Wash. 2007). Attorneys practicing in the Western District of Washington must abide by the "Washington Rules of Professional Conduct, as promulgated, amended, and interpreted by the Washington State Supreme Court . . . and the decisions of any court applicable thereto." Local Rules W.D. Wash. LCR 83.3(a). "Disqualification of counsel is a drastic remedy that exacts a harsh penalty from the parties as well as punishing counsel; therefore, it should be imposed only when absolutely necessary," *Matter of Firestorm 1991*, 916 P.2d 411, 416 (Wash. 1996), and the court "must consider the danger of a motion to disqualify opposing counsel as a litigation tactic," *FMC Technologies, Inc. v. Edwards*, 420 F. Supp. 2d 1153, 1157 (W.D. Wash. 2006). *See also Aecon Bldgs., Inc. v. Zurich N. Am.*, No. C07-0832MJP, 2008 WL 2940599, at *2 (W.D. Wash. July 24, 2008) ("Washington courts are reluctant to disqualify an attorney absent compelling circumstances." (citing *Pub. Util. Dist. No. 1 of Klickitat Co. v. Int'l Ins. Co.*, 881 P.2d 1020 (Wash. 1994))). Accordingly, "[p]articularly strict judicial scrutiny" should be given to a motion to disqualify opposing

counsel. *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (noting that such scrutiny is warranted due to the potential for abuse).

**B.    12th Avenue Iron's Motion to Disqualify**

In the instant motion, 12th Avenue Iron states that Foster Garvey's representation of Olson Kundig in this matter creates a conflict of interest because two attorneys at Foster Garvey previously represented Mr. Marks and 12th Avenue Iron on matters "relating to and stemming from" the Tom Kundig Collection.  (*See* Mot. at 1-3; *see also id.* at 6 (arguing that "there is a substantial risk that confidential factual information as would normally have been obtained in Foster Garvey's prior representation of 12th Ave[nue] Iron would materially advance [Olson] Kundig's position in this matter").)  Because this matter is, according to 12th Avenue Iron, "substantially related" to the subject matter of that prior representation, 12th Avenue Iron contends that Foster Garvey and its attorneys must be disqualified from continuing to Olson Kundig pursuant to Washington Rule of Professional Conduct ("RPC") 1.9.[7]  (*See generally id.* at 5-9; *see also* Reply at 2-6 (discussing why disqualification is warranted).)

Olson Kundig argues that disqualification is not warranted because (1) the 2016 to 2018 transactional work GSB did for 12th Avenue Iron is not substantially related to this case under Rule 1.9, and (2) 12th Avenue Iron waived its right to seek disqualification of

---

[7] 12th Avenue Iron also argues that disqualification of Foster Garvey and its attorneys is warranted under RPC 1.6, 1.7, and 1.8, as well as Washington Superior Court Civil Rule 26(b)(6).  (*See generally* Mot. at 5-12.)  However, for the reasons stated in Olson Kundig's response, the court agrees with Olson Kundig's contention that such rules are inapplicable to the matter at hand.  (*See* Resp. at 9-10); *see also, e.g.*, RPC 1.7 (addressing conflicts with respect to current clients).

Foster Garvey by failing to promptly challenge the alleged conflict of interest. (*See* Resp. at 5-12.)

The court agrees that 12th Avenue Iron waived its right to object to Foster Garvey's representation of Olson Kundig.[8] A former client who is entitled to object to an attorney representing an opposing party on the ground of conflict of interest but who knowingly refrains from asserting its objection promptly is deemed to have waived that right. *Trust Corp. v. Piper Aircraft Corp.*, 701 F.2d 85, 87 (9th Cir.1983). Under Washington law, the failure to file a motion to disqualify "with reasonable promptness" after a party discovers the basis for an alleged conflict may result in waiver of the objecting party's ability to bring the motion. *Eubanks v. Klickitat Cnty.*, 326 P.3d 796, 798 (Wash. Ct. App. 2014) (quoting *First Small Bus. Inv. Co. v. Intercapital Corp.*, 738 P.2d 263 (Wash. 1987)); *see Matter of Firestorm 1991*, 916 P.2d at 419 ("Delay in filing [a] motion to disqualify is suggestive of its use for purely tactical purposes and could be the sole grounds for denying [the motion].").

As early as April 28, 2022, 12th Avenue Iron was aware that Foster Garvey would represent Olson Kundig in the current dispute. (*See* Letter (establishing that Mr. Hodges and Foster Garvey represent Olson Kundig in relation to this matter); 1st Am. Answer ¶ C35 (confirming that 12th Avenue Iron received correspondence from Mr. Hodges regarding the termination of the business relationship between the parties on or around

---

[8] Because 12th Avenue Iron waived its right to move for disqualification, the court does not consider its arguments regarding whether a conflict of interest exists. *See First Small Bus. Inv. Co. of Cal. v. Intercapital Corp. of Or.*, 738 P.2d 263, 270 (Wash. 1987) ("The motion was properly denied by the trial court on the basis of waiver alone.").

April 28, 2022); *see also* Hodges Decl. ¶ 2.) Counsel for 12th Avenue Iron then contacted counsel for Olson Kundig about the alleged conflict of interest on May 6, 2022. (*See* 9/22/22 Marks Decl. ¶ 20; May 6, 2022 Email Chain; *see also* Hodges Decl. ¶ 3.) Foster Garvey and Mr. Hodges, however, denied having a conflict of interest and declined to cease its representation of Olson Kundig. (9/22/22 Marks Decl. ¶ 20; *see also* Hodges Decl. ¶ 11.)

Although the parties have actively litigated this case since June 2022 (*see generally* Compl.), and all of the facts set forth in 12th Avenue Iron's motion and Mr. Marks's supporting declaration were known since at least May 6, 2022 (*see* 9/22/22 Marks Decl. ¶ 20; Hodges Decl. ¶¶ 2-3; *see also* Letter; May 6, 2022 Email Chain), 12th Avenue Iron did not raise the conflict issue again until it filed the instant motion on September 22, 2022 (*see generally* Mot.; Hodges Decl. ¶¶ 12-13). During the five months between May 6 and September 22, the parties negotiated through counsel, participated in a mediation through counsel, held a Federal Rule of Civil Procedure 26(f) conference between counsel, and fully briefed motions for preliminary injunction and to dismiss. (*See* Hodges Decl. ¶¶ 12-13.) With respect to the parties' significant motion practice, Olson Kundig's counsel has devoted significant time to litigating this case and has obtained significant rulings in Olson Kundig's favor. (*See* Resp. at 12; Hodges Decl. ¶¶ 12-13; *see also* 9/12/22 Order; 9/28/22 Order.) Indeed, as Olson Kundig points out, 12th Avenue Iron did not move to disqualify until after mediation failed and the court granted Olson Kundig's motion for a preliminary injunction. (*See* Resp. at 12; Hodges Decl. ¶¶ 12-13; Dkt.) In this context, the court finds the disqualification motion to be a

thinly veiled litigation tactic. *See, e.g.*, *Goldmanis v. Insinger*, No. C13-2035JCC, 2014 WL 3739430, at *6 (W.D. Wash. July 29, 2014) (finding the disqualification motion "to be a thinly veiled litigation tactic" where plaintiffs' counsel did not move for disqualification until six months after becoming aware of the alleged conflict of interest and raising the issue with opposing counsel, and the parties briefed a motion to dismiss and motion for summary judgment during that six-month delay).

In its reply, 12th Avenue argues that it did not waive its right to move for disqualification because it filed the motion within two months of answering the complaint, which was reasonably prompt under the circumstances.[9] (Reply at 7-8.) With responses to Olson Kundig's motions for a preliminary injunction and to dismiss due, a mediation to prepare for and attend, "summer vacations already scheduled, juggling a full case load, and Mr. Marks in and out of the hospital for over two weeks at the end of August," 12th Avenue Iron argues that September 22, 2022 was the soonest its counsel could reasonably draft and file the instant motion to disqualify. (*Id.*) The court is not aware of any case law supporting 12th Avenue Iron's argument that such circumstances justify its delay in filing the instant motion. Rather, the court is persuaded that 12th Avenue Iron's delay in filing the motion "is suggestive of its use for purely tactical purposes." *Matter of Firestorm 1991*, 916 P.2d at 419. Accordingly, the court rejects

//

---

[9] 12th Avenue Iron does not identify any authority in support of its position that the relevant event is the deadline to answer the complaint, rather than the date at which it became aware of the conflict.

ORDER - 9

12th Avenue Iron's argument and DENIES 12th Avenue Iron's motion to disqualify because it waived its right to seek disqualification of Foster Garvey in this matter.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES 12th Avenue Iron's motion to disqualify Foster Garvey and its attorneys as counsel for Olson Kundig (Dkt. # 27).

Dated this 25th day of October, 2022.

JAMES L. ROBART
United States District Judge