UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLSON KUNDIG, INC., <br><br> Plaintiff, <br><br> v. <br><br> 12TH AVENUE IRON, INC., <br><br> Defendant. | CASE NO. C22-0825JLR <br><br> ORDER |

## I. INTRODUCTION

Before the court are: (1) a motion requesting that Holmquist & Gardiner, PLLC ("H&G") be permitted to withdraw as counsel for Defendant 12th Avenue Iron, Inc. ("12th Avenue Iron") (MTW (Dkt. # 41)); and (2) Plaintiff Olson Kundig, Inc.'s ("Olson Kundig") motion to compel discovery (MTC (Dkt. # 44)). Olson Kundig does not oppose the motion to withdraw. (MTW Resp. (Dkt. # 47).) H&G states that it "is unable [to] provide any additional information or respond to Olson Kundig's" motion to compel "[i]n light of the facts and reasons" set forth in its motion to withdraw. (MTC Resp.

(Dkt. # 48).) The court has considered the parties' submissions, the balance of the record, and the applicable law. Being fully advised,[1] the court GRANTS H&G's motion to withdraw and DENIES Olson Kundig's motion to compel without prejudice.

## II. ANALYSIS

Below, the court discusses H&G's motion to withdraw before turning to Olson Kundig's motion to compel.

**A. Motion to Withdraw**

Pursuant to Washington Rule of Professional Conduct 1.16, "a lawyer shall not represent a client or, where representation has commenced, shall . . . withdraw from the representation of a client if . . . the representation will result in violation of the Rules of Professional Conduct or other law." Wash. Rules of Pro. Conduct r. 1.16(a)(1); *see also id.* cmt. 3 ("The lawyer's statement [to the court] that professional considerations require termination of the representation ordinarily should be accepted as sufficient."). In this district, an attorney seeking to withdraw from a case in a manner that will leave a party to the case unrepresented must seek the court's leave to do so by filing a motion. *See* Local Rules W.D. Wash. LCR 83.2(b)(1). The court discusses whether H&G has satisfied the procedural requirements for withdrawal before turning to the merits of its motion.

//

---

[1] No one has requested oral argument (*see* MTW at 1; MTC at 1; MTW Resp. at 1; MTC Resp. at 1), and the court has determined that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

        1. Procedural Requirements

To begin, the court notes that H&G has satisfied the procedural requirements for withdrawal set forth in the Local Civil Rules. Pursuant to Local Civil Rule 83.2(b)(1), a motion to withdraw must contain a certification that it "was served on the client and opposing counsel," and must also provide the client's "address and telephone number." Local Rules W.D. Wash. LCR 83.2(b)(1). Additionally, if withdrawal will leave a business entity unrepresented, counsel must certify that:

> [H]e or she has advised the business entity that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties.

Local Rules W.D. Wash. LCR 83.2(b)(3). H&G certify that its motion to withdraw and supporting papers "have been served on 12th Ave[nue] Iron at 1423 S. Dearborn St., Seattle, WA 98144 and on opposing counsel" and that it notified Stephen Marks, the owner of 12th Avenue Iron, that 12th Avenue Iron "is required by law to be represented by an attorney admitted to practice before this [c]ourt and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of its claims or entry of a default judgment against it." (*See* MTW at 3-4; 1/31/23 So Decl. (Dkt. # 42) ¶ 7); *see also* Local Rules W.D. Wash. LCR 83.2(b)(1), (3). H&G also provides 12th Avenue Iron's current contact information, as required by the court's Local Civil Rules. (*See* MTW at 3); *see also* Local Rules W.D. Wash. LCR 83.2(b)(1). Accordingly, the court now turns to the merits of H&G's motion.

### 2. Merits of the Motion to Withdraw

Courts generally consider several factors when "evaluating a motion to withdraw, including (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Curtis v. Illumination Arts, Inc.*, No. C12-0991JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014). "The trial court retains wide discretion in a civil case to grant or deny [a] motion to withdraw." *Id.* (citing *Bohnert v. Burke*, No. CV-08-2303-PHX-LOA, 2010 WL 5067695, at *1 (D. Ariz. Dec. 7, 2010)). For the reasons discussed below, the court finds that H&G's withdrawal is appropriate.

H&G contends that it has good cause for withdrawing its representation of 12th Avenue Iron because H&G has, despite repeated attempts, "been unable to reach its client, 12th Ave[nue] Iron, since December 14, 2022." (MTW at 2-3; *see also* 1/31/23 So Decl. ¶¶ 2-6.) According to H&G, "[t]he attempts to communicate with Mr. Marks included phone calls, texts, emails, and reaching out to an employee of 12th Ave[nue] Iron." (MTW at 3; 1/31/23 So Decl. ¶¶ 2-6.) H&G states that "[t]he lack of communication with 12th Ave[nue] Iron makes it impossible to effectively represent 12th Ave[nue] Iron." (*See* MTW at 3 ("Counsel wishes to withdraw from the representation of 12th Ave[nue] Iron due to the lack of direction and communication with 12th Ave[nue] Iron.").) The court agrees and concludes that H&G has demonstrated good cause for withdrawing its representation of 12th Avenue Iron.

//

As to delay and prejudice, H&G argues that withdrawal is also warranted because there would be no prejudice to 12th Avenue Iron, nor would withdrawal unduly delay the case. (*See* MTW at 3.) It states that it gave 12th Avenue Iron ample time find new counsel given that it notified Mr. Marks of its intention to withdraw on January 31, 2023, nearly three weeks before the instant motion noted. (*See id.*; *see generally* Dkt.) H&G further remarks that its withdrawal won't unduly prejudice the parties or delay the case given "the significant amount of time until the discovery cutoff and trial date in 2024." (*See* MTW at 3.)

The court agrees that H&G's withdrawal will not unduly prejudice the parties or delay the resolution of this case. H&G informed 12th Avenue Iron of the risks associated with a corporate litigant not being represented by counsel and gave 12th Avenue Iron sufficient time to find substitute counsel. (*See* MTW at 3-4; 1/31/23 So Decl. ¶ 7.) However, to lessen any prejudice to 12th Avenue Iron, the court will give 12th Avenue Iron an additional 14 days from the date of this order—i.e., until March 7, 2023—to obtain substitute counsel. Moreover, this litigation is far from over: the discovery deadline is not until September 22, 2023, dispositive motions are not due until October 31, 2023, and trial is not scheduled until March 4, 2024. (*See* Sched. Order (Dkt. # 21).) Thus, although Olson Kundig has been unable to obtain discovery from 12th Avenue Iron thus far (*see infra* § III.B), Olson Kundig and 12th Avenue Iron will have sufficient time to resolve any discovery disputes after H&G withdraws from this matter and after 12th Avenue Iron obtains substitute counsel. Therefore, the court GRANTS H&G's motion to withdraw.

ORDER - 5

### B. Motion to Compel

Olson Kundig states that it served its first set of Interrogatories, Requests for Production ("RFPs"), and Requests for Admission ("RFAs") on 12th Avenue Iron on October 17, 2022. (*See* MTC at 3; 2/8/23 Hodges Decl. (Dkt. # 45) ¶ 3.) 12th Avenue Iron, however, has failed to answer or otherwise object to Olson Kundig's discovery requests. (*See* MTC at 3-4 (stating that Olson Kundig gave 12th Avenue Iron one 30-day extension to postpone the initial response deadline from November 16, 2022 to December 14, 2022); 2/8/23 Hodges Decl. ¶¶ 4-9.) Thus, Olson Kundig seeks to compel 12th Avenue Iron to fully respond to Olson Kundig's outstanding discovery requests. (*See generally* MTC at 5-6.)

In light of 12th Avenue Iron's failure to timely respond to Olson Kundig's discovery requests, the court finds that 12th Avenue Iron has waived any objections to the discovery requests. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."). The court, however, finds that it would not be appropriate for H&G to continue to be involved in discovery due to their inability to effectively represent 12th Avenue Iron. (*See supra* § III.A.2 (discussing the breakdown in communication between H&G and 12th Avenue Iron); *see also* MTC Resp. at 1 (asserting that H&G is unable provide any additional information or respond to Olson Kundig's motion to compel in light of the breakdown in communication between H&G and 12th Avenue Iron).) Accordingly, the court DENIES Olson Kundig's motion to compel without prejudice. If substitute counsel appears for

12th Avenue Iron, Olson Kundig may refile its motion to compel, noted as a third Friday motion pursuant to Local Civil Rule 7(d)(3). Local Rules W.D. Wash. LCR 7(d)(3).

### III.  CONCLUSION

For the foregoing reasons, H&G's motion to withdraw as counsel for 12th Avenue Iron is GRANTED (Dkt. # 41) and Olson Kundig's motion to compel is DENIED without prejudice (Dkt. # 44). H&G is hereby withdrawn from this matter. 12th Avenue Iron must find substitute counsel, if any, by March 7, 2023. The court warns 12th Avenue Iron that failure to timely find substitute counsel may result in the dismissal of 12th Avenue Iron's counterclaims and/or entry of default against 12th Avenue Iron. Additionally, if substitute counsel appears in this case, Olson Kundig may refile its motion to compel, noted pursuant to the Local Civil Rules. If substitute counsel does not appear by March 7, 2023, Olson Kundig may move to dismiss 12th Avenue Iron's counterclaims and/or for entry of default against 12th Avenue Iron.

Dated this 21st day of February, 2023.

JAMES L. ROBART
United States District Judge