UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLSON KUNDIG, INC., | CASE NO. C22-0825JLR |
| Plaintiff, | ORDER |
| v. | |
| 12TH AVENUE IRON, INC., | |
| Defendant. | |

On February 21, 2023, the court granted Holmquist & Gardiner, PLLC ("H&G") motion to withdraw as counsel for Defendant 12th Avenue Iron, Inc. ("12th Avenue Iron"). (2/21/23 Order (Dkt. # 49); *see also* MTW (Dkt. # 41).) The court told 12th Avenue Iron that it "must find substitute counsel, if any, by March 7, 2023," and it warned 12th Avenue Iron "that failure to timely find substitute counsel may result in the dismissal of 12th Avenue Iron's counterclaims and/or entry of default against 12th Avenue Iron." (2/21/23 Order at 7.)

//

ORDER - 1

In the Western District of Washington, "[a] business entity, except a sole proprietorship, must be represented by counsel." Local Rules W.D. Wash. LCR 83.2(b)(4). Similarly, under Ninth Circuit and Supreme Court precedent, it is well-settled that corporations and other business entities cannot appear *pro se* in federal court. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); *D-Beam Ltd. Partnership v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004). When a corporation fails to timely secure counsel to represent it in an action, courts in the Ninth Circuit have repeatedly held that the corporation's answer may be stricken, its claims or counterclaims dismissed, and default judgment entered against it. *See, e.g.*, *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1142 (9th Cir. 1989) (upholding dismissal of company's affirmative claims and grant of default judgment on opposing party's counterclaims after company failed to retain new counsel or appear for pretrial conferences); *Multi Denominational Ministry of Cannabis & Rastafari, Inc. v. Gonzales*, 474 F. Supp. 2d 1133, 1141 (N.D. Cal. 2007) (dismissing with prejudice the claims brought by an incorporated ministry because, as a religious nonprofit corporation, it had to be represented by counsel); *Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) ("[W]e have recognized default as a permissible sanction for failure to comply with local rules requiring representation by counsel."); *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that entry of default judgment was appropriate where corporate defendant failed to comply with order to retain counsel).

Although 12th Avenue Iron has known that H&G would withdraw since January 2023, and although it has been warned both by the court and H&G that its failure to

timely find substitute counsel may result in the dismissal of its counterclaims and/or entry of default against it, it has not, as of the date of this order retained new counsel. (*See generally* Dkt.) Nor is there any indication that 12th Avenue Iron intends to retain new counsel. (*See generally id.*) 12th Avenue Iron's failure to comply with the court's February 21, 2023 order and Local Civil Rule 83.2(b)(4) warrants the dismissal of 12th Avenue Iron's counterclaims with prejudice.[1] *See* Fed. R. Civ. P. 41(b)-(c) (stating that a court may dismiss an action, including counterclaims, based upon the failure to prosecute, the failure to obey a court order, and the failure to comply with the civil rules); *see also, e.g.*, *Solaria Corp. V. T.S. Energie e Risorse, S.R.I.*, Case No. 13cv5201-SC, 2014 WL 7205114, at *4 (N.D. Cal. Dec. 17. 2014) (dismissing counterclaim with prejudice due to defendant's failure to retain new counsel). For the same reasons, the court DIRECTS the Clerk to enter default against 12th Avenue Iron. *See, e.g.*, *Crandall v. Semillon Inc.*, No. 15CV1257-GPC(NLS), 2016 WL 4479397, at *3 (S.D. Cal. Aug. 25, 2016) (directing Clerk to enter default against corporate defendant for failure to obtain new counsel and striking the defendant's answer and dismissing its counterclaim with prejudice for the same reason). Olson Kundig shall file a motion for default

//

---

[1] The court also notes that 12th Avenue Iron's failure to obtain new counsel has prejudiced Plaintiff Olson Kundig, Inc. ("Olson Kundig") by not only delaying this litigation, but making it impossible for Olson Kundig to obtain a decision on the merits in this action. Less drastic sanctions are simply not available. *See, e.g.*, *Societe D'Equipments Internationaux Nigeria, Ltd. v. Dolarian Cap., Inc.*, No. 1:15-CV-01553-SKO, 2018 WL 2762016, at *2-4 (E.D. Cal. June 8, 2018) (discussing prejudice to the opposing party when a corporate party fails to retain counsel, the delays associated with such a failure, and the unavailability of less drastic sanctions).

1  judgment, with the appropriate legal authority and analysis and supporting evidence for

2  any claimed damages, no later than May 8, 2023.

3  Dated this 8th day of March, 2023.

JAMES L. ROBART
United States District Judge

ORDER - 4