1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

OLSON KUNDIG, INC.,

CASE NO. C22-0825JLR

11

Plaintiff,

MINUTE ORDER

v.

12

13

12TH AVENUE IRON, INC.,

14

Defendant.

15      The following minute order is made by the direction of the court, the Honorable

16 James L. Robart:

17      Before the court is Plaintiff Olson Kundig, Inc.'s ("Olson Kundig") motion for

18 entry of default judgment against Defendant 12th Avenue Iron, Inc. ("12th Avenue").

19 (Mot. (Dkt. # 52).)  In its motion, Olson Kundig seeks an award of attorneys' fees in the

20 amount of $130,896.04 on its claims under the Lanham Act, the Patent Act, the

21 Washington Consumer Protection Act, and the Washington Personality Rights Act (the

22 "recoverable claims").  (*Id.* at 14-15.)  Because there is no statute entitling Olson Kundig

1   to fees with respect to its breach of contract claim, Olson Kundig does not seek an award

2   of fees for work performed on that claim.  (*See generally id.*)

3       Although Olson Kundig is only entitled to recover fees on some of its claims,

4   Olson Kundig's counsel does not segregate its billing entries by claim.  (*See generally*

5   Hodges Decl. (Dkt. # 53) ¶ 17, Ex. E.)  As such, the court is unable to assess whether the

6   hours spent preparing Olson Kundig's recoverable claims were reasonable.  Additionally,

7   while the Patent Act and Lanham Act authorize district courts to award attorneys' fees to

8   prevailing parties in "exceptional cases," 35 U.S.C. § 285; 15 U.S.C. § 1117(a), Olson

9   Kundig fails to discuss why its case is "exceptional" under the test set forth in *Octane*

10  *Fitness, LLC v. ICON Health & Fitness, Inc.  See* 572 U.S. 545, 554-57 & n.6 (2014)

11  (applying a "totality of the circumstances" test to fee claims under the Patent Act and

12  setting forth factors to be considered); *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839

13  F.3d 1179, 1180 (9th Cir. 2016) (making the *Octane Fitness* test applicable to fee claims

14  under the Lanham Act); (*see generally* Mot. at 14-15).

15      Accordingly, the court ORDERS Olson Kundig to submit, by **April 12, 2023**, a

16  supplemental brief not to exceed 1400 words that analyzes whether an award of

17  attorneys' fees on its Patent Act and Lanham Act claims is warranted under the test set

18  forth in *Octane Fitness*.  Additionally, Olson Kundig must either (1) segregate its billing

19  records by claim so that the court can assess the hours spent preparing only Olson

20  Kundig's recoverable claims, or (2) if Olson Kundig's breach of contract claim is so

21  intertwined with its recoverable claims that segregation would be impossible, Olson

22  Kundig must propose a percentage downward adjustment to its total fee request to

1   represent the work done on its breach of contract claim. *See, e.g.*, *Safeworks, LLC v.*

2   *Teupen Am., LLC*, No. C08-12197, 2010 WL 3033711, at *3-4 (W.D. Wash. July 29,

3   2010) (first citing *Gracie v. Gracie*, 217 F.3d 1060, 1069-70 (9th Cir. 2000); and then

4   citing *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1157-58 (9th Cir. 2002)).

5        Filed and entered this 3rd day of April, 2023.

6                                    RAVI SUBRAMANIAN
                                     Clerk of Court
7

8                                    s/ Ashleigh Drecktrah
                                     Deputy Clerk
9

10

11

12

13

14

15

16

17

18

19

20

21

22

MINUTE ORDER - 3